# Exhibit 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING COMPANY
S.A.,

              Plaintiff,

        -against-

WORLDWIDE PAPER CO., d/b/a
SINGAPORE RECYCLE CENTRE PTE
LTD., d/b/a XINTAR INTERNATIONAL
TRADING AND TECHNOLOGIES, INC.,
d/b/a SCT CO., LTD., d/b/a PENINPLASTIC
S.L. d/b/a OSK PAPER INTERNATIONAL
INC.,

            Defendants.

**SUMMONS IN A CIVIL
ACTION**

**Case No. 07 CV**

07 CV        7438

**TO**: (name and address of defendants)

WORLDWIDE PAPER CO.
2615 Three Oaks Road, Suite 2A2
Cary, IL 60014

WORLDWIDE PAPER CO.
21F, Zhong Xin Mansion, No. 247
Liao Ning Rd.
Qingdao, China

WORLDWIDE PAPER CO.
Room 302 Vilagcera Building, No. 2
Hoang Quoc Viet Street,
Ha Noi, Vietnam

SINGAPORE RECYCLE CENTRE PTE LTD.
No. 10 Tuas Avenue 16
Singapore 638931.

SINGAPORE RECYCLE CENTRE PTE
LTD
2615 Three Oaks Road, Suite 2A2
Cary, IL 60014

XINTAR INTERNATIONAL TRADING
AND TECHNOLOGIES, INC.
4721 Highway 7,
E. Markham, Ontario L3P7S6
Canada

SCT CO., LTD
1Siam Cement Road, Bangsue
Bangkok, Thailand 10800

PENINPLASTIC S.L.
Passeig De Garcia, 41-3
OLA, Spain

OSK PAPER INTERNATIONAL INC.
1513 Paces Commons Drive, N.W.
Duluth, GA

SINGAPORE RECYCLE CENTRE PTE LTD
28 Sungei Kadut Way, #02-00
Singapore 729570

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY
(name and address)

MAHONEY & KEANE, LLP
111 Broadway, 10th Floor
New York, NY 10003
(212) 385-1422

an answer to the complaint which is served on you with this summons, within **twenty (20)** days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any
answer that you serve on the parties to this action must be filed with the Clerk of this Court
within a reasonable period of time after service.

## J. MICHAEL McMAHON

| CLERK | |
|---|---|
| _(signature)_ | DATE    AUG 2 2 2007 |
| DEPUTY CLERK | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING
COMPANY S.A.,

    Plaintiff,

   -against-

WORLDWIDE PAPER CO., d/b/a
SINGAPORE RECYCLE CENTRE PTE
LTD., d/b/a XINTAR INTERNATIONAL
TRADING AND TECHNOLOGIES, INC.,
d/b/a SCT CO., LTD., d/b/a
PENINPLASTIC S.L. d/b/a OSK PAPER
INTERNATIONAL INC.,

    Defendants.



07 CV _____

COMPLAINT



AUG 29 2007
U.S.D.C. S.D. N.Y.
CASHIERS

   PLEASE TAKE NOTICE that Plaintiff, MEDITERRANEAN SHIPPING COMPANY S.A., ("MSC"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendant, WORLDWIDE PAPER COMPANY. ("WORLDWIDE"), d/b/a SINGAPORE RECYCLE CENTRE ("SINGAPORE"), d/b/a XINTAR INTERNATIONAL TRADING AND TECHNOLOGIES ("XINTAR"), d/b/a SCT CO., LTD., ("SCT"), d/b/a PENINPLASTICS S.L. ("PENINPLASTICS"), d/b/a OSK PAPER INTERNATIONAL ("OSK"), alleges, upon information and belief, as follows:

   1.  This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's diversity, pendent, supplementary and ancillary jurisdiction.

   2.  Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country.

   3.  Defendant WORLDWIDE is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located at 2615 Three Oaks

- 1 -

Road, Suite 2A2, Cary, IL 60014.

    4.    Defendant WORLDWIDE is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located at 21F, Zhong Xin Mansion, No. 247 Liao Ning Rd., Qingdao, China.

    5.    Defendant WORLDWIDE is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located at Room 302 Vilagcera Building, No. 2 Hoang Quoc Viet Street, Ha Noi, Vietnam.

    6.    Defendant SINGAPORE is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located at No. 10 Tuas Avenue 16, Singapore 638931.

    7.    Defendant SINGAPORE is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located at 2615 Three Oaks Road, Suite 2A2, Cary, IL 60014.

    8.    Defendant XINTAR is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located at 4721 Highway 7, E. Markham, Ontario L3P7S6.

    9.    Defendant SCT is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located at 1Siam Cement Road, Bangsue, Bangkok, Thailand 10800.

    10.    Defendant PENINPLASTIC is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located at Passeig De Garcia, 41-3 OLA, Spain.

    11.    Defendant OSK is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located at 1513 Paces Commons Drive, N.W., Duluth, GA.

    12.    Upon information and belief, SINGAPORE, XINTAR, SCT, PENINPLASTIC and OSK are wholly or partly owned subsidiaries of Defendant WORLDWIDE, or vice versa.

13.    Upon information and belief, Defendants SINGAPORE, XINTAR, SCT, PENINPLASTIC and OSK use Defendant WORLDWIDE as a conduit to pay their debts and obligations and are otherwise an alter ego of WORLDWIDE , or vice versa.

14.    Upon information and belief, SINGAPORE, XINTAR, SCT, PENINPLASTIC and OSK are shell corporations through which Defendant WORLDWIDE conducts business, and vice versa.

15.    Upon information and belief, SINGAPORE, XINTAR, SCT, PENINPLASTIC and OSK have no separate, independent identity from Defendant WORLDWIDE, and vice versa.

16.    Upon information and belief, Defendants SINGAPORE, XINTAR, SCT, PENINPLASTIC and OSK are alter egos of Defendant WORLDWIDE because WORLDWIDE dominates and disregards their corporate form to the extent that WORLDWIDE is actually carrying on the business and operations of the other Defendants, as if they were its own, or vice versa.

17.    Upon information and belief, WORLDWIDE acts as a paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendants SINGAPORE, XINTAR, SCT, PENINPLASTIC and OSK and/or receives payments being made to these Defendants, or vice versa.

18.    Upon information and belief Defendants SINGAPORE, XINTAR, SCT, PENINPLASTIC and OSK are companies affiliated with Defendant WORLDWIDE, such that WORLDWIDE is now or will soon be holding assets belonging to these Defendants, or vice versa.

19.    Upon information and belief Defendants are partners and/or joint venturers.

20.    Upon information and belief Defendant SINGAPORE, XINTAR, SCT, PENINPLASTIC and OSK are successors in interest to WORLDWIDE, and therefore responsible for any and all debts incurred in the course of WORLDWIDE's business, including such debts underlying this Complaint, or vice versa.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT WORLDWIDE

21.    Plaintiff, as carrier, and Defendant, as shipper, entered into several agreements to for the shipment of Defendant's cargo by Plaintiff.

22.    Pursuant to the parties' agreement, Plaintiff issued to Defendant WORLDWIDE several Bills of Lading for the shipment of Defendant's cargo by Plaintiff. See Schedule A.

23.    Plaintiff complied with each and every requirement imposed by the agreement between the parties.

24.    Defendant wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreement by, *inter alia*, failing to pay freight, demurrage, port fees and other associated costs.

25.    As a result of Defendant's breach of the agreement Plaintiff has incurred, and will continue to incur costs and expenses for which Defendant is liable under the terms of the agreement and at law.

26.    Plaintiff has placed Defendant on notice of its claim that Defendant has breached the subject agreement and violated Plaintiff's rights under the law.

27.    Despite Plaintiff's repeated demands, Defendant has failed to pay Plaintiff's damages due and owing under the referenced agreement and at law.

28.    As a result of Defendant's breach of the terms of the agreement and violation of Plaintiff's rights under the law, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover **$612,126.49**, exclusive of interests, costs, fees, etc. See Schedule A.

29.    Plaintiff notes that the above claim figure constitutes an estimate derived from the information currently available and reserves the right to amend or adjust same in the event that newly discovered facts demand such amendment.

30.    Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

- 4 -

31.     All conditions precedent required of Plaintiff in the aforesaid agreement have been performed.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT WORLDWIDE d/b/a SINGAPORE

32.     Plaintiff, as carrier, and Defendant WORLDWIDE d/b/a SINGAPORE, as shipper, entered into several agreements for the shipment of Defendant's cargo by Plaintiff.

33.     Pursuant to the parties' agreement, Plaintiff issued to Defendant WORLDWIDE d/b/a SINGAPORE several Bills of Lading for the shipment of Defendant's cargo by Plaintiff. See Schedule B.

34.     Plaintiff complied with each and every requirement imposed by the agreement between the parties.

35.     Defendant wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreement by, *inter alia*, failing to pay freight, demurrage, port fees and other associated costs.

36.     As a result of Defendant's breach of the agreement Plaintiff has incurred, and will continue to incur costs and expenses for which Defendant is liable under the terms of the agreement and at law.

37.     Plaintiff has placed Defendant on notice of its claim that Defendant has breached the subject agreement and violated Plaintiff's rights under the law.

38.     Despite Plaintiff's repeated demands, Defendant has failed to pay Plaintiff's damages due and owing under the referenced agreement and at law.

39.     As a result of Defendant's breach of the terms of the agreement and violation of Plaintiff's rights under the law, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover **$450,566.38**, exclusive of interests, costs, fees, etc. See Schedule B.

40.     Plaintiff notes that the above claim figure constitutes an estimate derived from the information currently available and reserves the right to amend or adjust same in the event

that newly discovered facts demand such amendment.

41.     Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

42.     All conditions precedent required of Plaintiff in the aforesaid agreement have been performed.

AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT WORLDWIDE

d/b/a XINTAR

43.     Plaintiff, as carrier, and Defendant WORLDWIDE d/b/a XINTAR, as shipper, entered into several agreements for the shipment of Defendant's cargo by Plaintiff.

44.     Pursuant to the parties' agreement, Plaintiff issued to Defendant WORLDWIDE d/b/a XINTAR several Bills of Lading for the shipment of Defendant's cargo by Plaintiff. See Schedule C.

45.     Plaintiff complied with each and every requirement imposed by the agreement between the parties.

46.     Defendant wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreement by, *inter alia*, failing to pay freight, demurrage, port fees and other associated costs.

47.     As a result of Defendant's breach of the agreement Plaintiff has incurred, and will continue to incur costs and expenses for which Defendant is liable under the terms of the agreement and at law.

48.     Plaintiff has placed Defendant on notice of its claim that Defendant has breached the subject agreement and violated Plaintiff's rights under the law.

49.     Despite Plaintiff's repeated demands, Defendant has failed to pay Plaintiff's damages due and owing under the referenced agreement and at law.

50.     As a result of Defendant's breach of the terms of the agreement and violation of Plaintiff's rights under the law, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover **$73,163.00**, exclusive of interests, costs, fees, etc. See

Schedule C.

51.    Plaintiff notes that the above claim figure constitutes an estimate derived from the information currently available and reserves the right to amend or adjust same in the event that newly discovered facts demand such amendment.

52.    Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

53.    All conditions precedent required of Plaintiff in the aforesaid agreement have been performed.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT WORLDWIDE d/b/a SCT

54.    Plaintiff, as carrier, and Defendant WORLDWIDE d/b/a SCT, as shipper, entered into several agreements for the shipment of Defendant's cargo by Plaintiff.

55.    Pursuant to the parties' agreement, Plaintiff issued to Defendant WORLDWIDE d/b/a SCT several Bills of Lading for the shipment of Defendant's cargo by Plaintiff. See Schedule D.

56.    Plaintiff complied with each and every requirement imposed by the agreement between the parties.

57.    Defendant wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreement by, *inter alia*, failing to pay freight, demurrage, port fees and other associated costs.

58.    As a result of Defendant's breach of the agreement Plaintiff has incurred, and will continue to incur costs and expenses for which Defendant is liable under the terms of the agreement and at law.

59.    Plaintiff has placed Defendant on notice of its claim that Defendant has breached the subject agreement and violated Plaintiff's rights under the law.

60.    Despite Plaintiff's repeated demands, Defendant has failed to pay Plaintiff's damages due and owing under the referenced agreement and at law.

61.    As a result of Defendant's breach of the terms of the agreement and violation of Plaintiff's rights under the law, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover **$19,050.00**, exclusive of interests, costs, fees, etc. See Schedule D.

62.    Plaintiff notes that the above claim figure constitutes an estimate derived from the information currently available and reserves the right to amend or adjust same in the event that newly discovered facts demand such amendment.

63.    Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

64.    All conditions precedent required of Plaintiff in the aforesaid agreement have been performed.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT WORLDWIDE d/b/a PENINPLASTIC

65.    Plaintiff, as carrier, and Defendant WORLDWIDE d/b/a PENINPLASTIC, as shipper, entered into several agreements for the shipment of Defendant's cargo by Plaintiff.

66.    Pursuant to the parties' agreement, Plaintiff issued to Defendant WORLDWIDE d/b/a PENINPLASTIC several Bills of Lading for the shipment of Defendant's cargo by Plaintiff. See Schedule E.

67.    Plaintiff complied with each and every requirement imposed by the agreement between the parties.

68.    Defendant wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreement by, *inter alia*, failing to pay freight, demurrage, port fees and other associated costs.

69.    As a result of Defendant's breach of the agreement Plaintiff has incurred, and will continue to incur costs and expenses for which Defendant is liable under the terms of the agreement and at law.

70.    Plaintiff has placed Defendant on notice of its claim that Defendant has

- 8 -

breached the subject agreement and violated Plaintiff's rights under the law.

71.    Despite Plaintiff's repeated demands, Defendant has failed to pay Plaintiff's damages due and owing under the referenced agreement and at law.

72.    As a result of Defendant's breach of the terms of the agreement and violation of Plaintiff's rights under the law, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover **$56,200.00**, exclusive of interests, costs, fees, etc.  See Schedule E.

73.    Plaintiff notes that the above claim figure constitutes an estimate derived from the information currently available and reserves the right to amend or adjust same in the event that newly discovered facts demand such amendment.

74.    Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

75.    All conditions precedent required of Plaintiff in the aforesaid agreement have been performed.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT WORLDWIDE d/b/a OSK

76.    Plaintiff, as carrier, and Defendant WORLDWIDE d/b/a OSK, as shipper, entered into several agreements for the shipment of Defendant's cargo by Plaintiff.

77.    Pursuant to the parties' agreement, Plaintiff issued to Defendant WORLDWIDE d/b/a OSK several Bills of Lading for the shipment of Defendant's cargo by Plaintiff.  See Schedule F.

78.    Plaintiff complied with each and every requirement imposed by the agreement between the parties.

79.    Defendant wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreement by, *inter alia*, failing to pay freight, demurrage, port fees and other associated costs.

80.    As a result of Defendant's breach of the agreement Plaintiff has incurred, and

will continue to incur costs and expenses for which Defendant is liable under the terms of the agreement and at law.

81.    Plaintiff has placed Defendant on notice of its claim that Defendant has breached the subject agreement and violated Plaintiff's rights under the law.

82.    Despite Plaintiff's repeated demands, Defendant has failed to pay Plaintiff's damages due and owing under the referenced agreement and at law.

83.    As a result of Defendant's breach of the terms of the agreement and violation of Plaintiff's rights under the law, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover **$33,077.00**, exclusive of interests, costs, fees, etc. See Schedule F.

84.    Plaintiff notes that the above claim figure constitutes an estimate derived from the information currently available and reserves the right to amend or adjust same in the event that newly discovered facts demand such amendment.

85.    Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

86.    All conditions precedent required of Plaintiff in the aforesaid agreement have been performed.

<u>AS AND FOR ALLEGATIONS IN SUPPORT OF RULE B ATTACHMENT</u>

87.    Defendants WORLDWIDE and SINGAPORE cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendants have or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P. Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, Wachovia Bank N.A., Deutsche Bank AG and/or ABN AMRO Bank N.V., which are believed to be due and owing to Plaintiff.

88.    For the purpose of obtaining personal jurisdiction over Defendants and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendants, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against Defendants WORLDWIDE and SINGAPORE, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That, since Defendants cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court directs the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P. Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., DBS Bank Ltd., and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$1,244,182.87** to secure Plaintiff's claims, and that all persons claiming any interest in the same

- 11 -

be cited to appear and answer the matters alleged in the Complaint;

        C.      That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

        D.      That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, NY

      August 21, 2007

                              Respectfully submitted,

                              MAHONEY & KEANE, LLP.
                              Attorneys for Plaintiff
                              **MEDITERRANEAN SHIPPING COMPANY S.A.**

By:                              

                              Edward A. Keane (EK 1398)
                              111 Broadway, 10th Floor
                              New York, NY 10006
                              Tel. (212) 385-1422
                              Fax (212) 385-1605
                              Our File No. 12/3441

SERVICE LIST

WORLDWIDE PAPER CO.
2615 Three Oaks Road, Suite 2A2
Cary, IL 60014


WORLDWIDE PAPER CO.
Room 302 Vilagcera Building, No. 2
Hoang Quoc Viet Street,
Ha Noi, Vietnam

SINGAPORE RECYCLE CENTRE PTE
LTD
2615 Three Oaks Road, Suite 2A2
Cary, IL 60014


SCT CO., LTD
1Siam Cement Road, Bangsue
Bangkok, Thailand 10800

OSK PAPER INTERNATIONAL INC.
1513 Paces Commons Drive, N.W.
Duluth, GA

WORLDWIDE PAPER CO.
21F, Zhong Xin Mansion, No. 247
Liao Ning Rd.
Qingdao, China

SINGAPORE RECYCLE CENTRE PTE
LTD.
No. 10 Tuas Avenue 16
Singapore 638931.

XINTAR INTERNATIONAL TRADING
AND TECHNOLOGIES, INC.
4721 Highway 7,
E. Markham, Ontario L3P7S6
Canada

PENINPLASTIC S.L.
Passeig De Garcia, 41-3
OLA, Spain

SINGAPORE RECYCLE CENTRE PTE
LTD
28 Sungei Kadut Way, #02-00
Singapore 729570

## SCHEDULE A

## WORLDWIDE

| Bill of Lading No. | Outstanding Costs |
|---|---|
| MSCULA782162 | $24,037.37 |
| MSCULA826647 | $3,000.00 |
| MSCULA822331 | $455,809.12 |
| MSCULA821804 | $129,280.00 |
| TOTAL | $612,126.49 |

## SCHEDULE B

## WORLDWIDE d/b/a SINGAPORE

| Bill of Lading No. | Outstanding Costs |
|---|---|
| MSCULA792435 | $24,652.48 |
| MSCULA797343 | $35,863.59 |
| MSCULA792872 | $39,196.55 |
| MSCULA772957 | $42,417.14 |
| MSCULA809189 | $22,255.92 |
| MSCULA772353 | $101,560.23 |
| MSCULA770910 | $86,083.37 |
| MSCULA780380 | $98,537.10 |
| TOTAL | $450,566.38 |

## SCHEDULE C

## WORLDWIDE d/b/a XINTAR

| Bill of Lading No. | Outstanding Costs |
|---|---|
| MSCULA858764 | $31,423.00 |
| MSCULA855737 | $41,740.00 |
| TOTAL | $73,163.00 |

## SCHEDULE D

## WORLDWIDE d/b/a SCT

| Bill of Lading No. | Outstanding Costs |
|---|---|
| MSCULA869077 | $9,750.00 |
| MSCULA874936 | $9,300.00 |
| TOTAL | $19,050.00 |

## SCHEDULE E

## WORLDWIDE d/b/a PENINPLASTIC

| Bill of Lading No. | Outstanding Costs |
|---|---|
| MSCULA723703 | $56,200.00 |
| TOTAL | $56,200.00 |

## SCHEDULE F

### WORLDWIDE d/b/a OSK

| Bill of Lading No. | Outstanding Costs |
|---|---|
| MSCULA782873 | $33,077.00 |
| TOTAL | $33,077.00 |

## SCHEDULE F

| Claim | Amount |
|---|---|
| WORLDWIDE | $612,126.49 |
| WORLDWIDE d/b/a SINGAPORE | $450,566.38 |
| WORLDWIDE d/b/a XINTAR | $73,163.00 |
| WORLDWIDE d/b/a SCT | $19,050.00 |
| WORLDWIDE d/b/a PENINPLASTIC | $56,200.00 |
| WORLDWIDE d/b/a OSK | $33,077.00 |
| TOTAL | $1,244,182.87 |