UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MEDITERRANEAN SHIPPING COMPANY S.A.,

Plaintiff,

-against-

WORLDWIDE PAPER CO., d/b/a SINGAPORE
RECYCLE CENTRE PTE LTD., d/b/a XINTAR
INTERNATIONAL TRADING AND TECHNOLOGIES,
INC., d/b/a SCT CO., LTD., d/b/a PENINPLASTIC S.L.
d/b/a OSK PAPER INTERNATIONAL INC.,

Defendants.

---

1:07-cv-7438 (Hellerstein)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND TIME
FOR SERVICE OF PROCESS**

MAHONEY & KEANE, LLP
Attorneys for Plaintiff
111 Broadway, 10th Floor
New York, NY 10006
Tel (212) 385-1422

PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Plaintiff Mediterranean Shipping Company S.A. ("MSC") in support of its Motion to Extend the time for service of process.

STATEMENT OF FACTS

For a recitation of the facts, please refer to Plaintiff's Declaration in Support of its Motion to Extend the time for service of process.

ARGUMENT

PLAINTIFF'S MOTION TO EXTEND THE TIME TO SERVE DEFENDANT WITH PLEADINGS SHOULD BE GRANTED

"*Supplemental Rule B* in no way concerns service of process, which, indeed, is not required under *Supplemental Rule B*." East Asiatic Co. v. Indomar, Ltd., 422 F. Supp. 1335, 1341 (S.D.N.Y. 1976) ("The Rule is by its own terms a form of process, and its operation confers jurisdiction on the court. *Supplemental Rule B* does not even direct that notice be given to the defendant until such time as default judgment is to be entered.").

In rem process is based upon the presumption that the fact of the seizure of the res "'will result in prompt, actual notice to all interested parties, without the necessity of formal personal notice.'" Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1342, 2006 A.M.C. 13 (11th Cir. 2005) (quoting Wong Shing v. M/V Mardina Trader, 564 F.2d 1183, 1187 (5th Cir. 1977) (quoting The Mary, 13 U.S. 126, 3 L. Ed. 678 (1815))).

Accordingly, Supplemental Rule B provides that process of maritime attachment and garnishment "may be served only within the district." Fed. R. Civ. P. E(3)(a), and some courts have held that Rule 4(m)'s 120 day provision does not apply to in rem maritime claims. See, e.g., Itel Container Int'l Corp. v. Atlanttrafik Express Serv., Ltd., 686 F. Supp.

438, 444-45 (S.D.N.Y. 1988) ("If *Rule 4(j)*'s time limits were applied to the service of *in rem* process, the effectiveness of the proceeding *in rem*, which the Supplemental Rules were concerned to preserve, must thus be impaired. There is no indication that *Rule 4(j)*, a late addition to the Federal Rules of Civil Procedure, was intended to supplant the *in rem* procedures for which the Supplemental Rules had already made special (and, in part, exclusive) provision.").

The case at bar is concerned with obtaining security pursuant to Rule B. The very purpose of obtaining ex parte relief would be subverted were prior notice actually given to the in personam defendants who have already failed to pay amounts due and owing to plaintiff. Nor was Rule 4(m) designed to undermine Rule B by allowing foreign debtors in maritime actions to, upon first learning of the attachment, simply temporarily secret their assets and "wait out" the 120 period.

Indeed, *quasi in rem* jurisdiction under Rule B has already been accomplished in this case at least to the extent of the $25,000 which has been attached. Notice was duly provided, and a special appearance has recently been made on behalf of the res.

Furthermore, all of the above notwithstanding, all but one of the defendants are located abroad, so the 120-day time limit for service contained in Rule 4(m), by its terms, would not apply, in any event. Fed. R. Civ. P. 4(m) ("This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1)."); Penn. Orthopedic Assoc. v. Mercedes-Benz A.G., 160 F.R.D. 58, 60-61 (E.D. Pa. 1995) ("We find the controlling language of Rule [4(m)] so clear that it allows no latitude for interpretation."); In re Initial Pub. Offering Sec. Litig., 358 F. Supp. 2d 189, 208-09 (S.D.N.Y. 2004).

And time to make service can always be extended upon considering, "(1) whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred, (2) prejudice to the defendant, and (3) whether the plaintiff has moved for an enlargement of time... under Rule 6(b)." Rotblut v. John Hancock Life Ins.Co., 2005 U.S. Dist. LEXIS 7166, Docket No. 04 Civ. 5563 (KWK)(KNF) (S.D.N.Y. 2005). Even if the court were to find that good cause has not been shown, the court may, in its discretion, "direct that service be effected within a specified time." Id. at *5 (citing to Fed. R. Civ. P. § 4, Advisory Committee Notes to 1993 Amendment).

In the instant matter, service of the writ has been diligently made every single business day in an effort to uncover and attach the property which is the true target of this lawsuit. No prejudice to the defendant can be imagined; indeed, this is an ex parte proceeding, and the defendant owner of the seized property has recently appeared. Finally, a formal motion has now been made, a truly extraordinary measure in the context of Rule B proceedings. As such, plaintiff respectfully submits that an inflexible application of Rule 4(m)'s time limit is not warranted in this case, whether on the facts, the law, or in the discretion of the Court.

<u>CONCLUSION</u>

WHEREFORE, Plaintiff, MEDITERRANEAN SHIPPING CO. S.A., respectfully requests

(1) That this Honorable Court issue an Order granting Plaintiff's Motion to Extend the time within which to make service of process; and

(2) For any other and further relief as this Court may deem proper.

Dated: New York, NY

January / 5 , 2008

Respectfully submitted,
MAHONEY & KEANE LLP
Attorneys for Plaintiff
MEDITERRANEAN SHIPPING CO. S.A.

By: _____
Edward A. Keane (EK 1398)
111 Broadway, 10th Floor
New York, NY 10006
Tel. (212) 385-1422
Fax (212) 385-1605
<u>File No. 12/3441</u>