BLANK ROME LLP
Attorneys for Defendant
SINGAPORE RECYCLE CENTRE PTE LTD.
LeRoy Lambert (LL-3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING COMPANY S.A.,

            Plaintiff,

-against-

WORLD WIDE PAPER CO., d/b/a SINGAPORE RECYCLE CENTRE PTE LTD., d/b/a XINTAR INTERNATIONAL TRADING AND TECHNOLOGIES, INC., d/b/a SCT CO., LTD., d/b/a PENINPLASTIC S.L. d/b/a OSK PAPER INTERNATIONAL INC.,

            Defendants.

07 Civ. 7438 (AKH)

**VERIFIED ANSWER**

    Defendant, SINGAPORE RECYCLE CENTRE PTE LTD. ("SINGAPORE"), appearing specially herein pursuant to Supplemental Rule E(8), answers the complaint of MEDITERRANEAN SHIPPING COMPANY S.A. ("MSC") upon information and belief insofar as it alone is concerned and denies generally and specifically that it "does business as" any of the companies named as "d/b/a" of Defendant WORLD WIDE PAPER CO. ("WORLDWIDE")

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

128692.00601/6607292v.1

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6. Admits that it is a business entity organized and existing under the laws of Singapore, that it used to have offices and a place of business at No. 10 Tuas Avenue 16, Singapore 638931, and that it now has offices and a place of business at 28 Sungei Kadut Way, #02-00, Singapore 729570.

7. Denies it has offices and a place of business located at 2615 Three Oaks Road, Suite 2A2 Cary, Illinois 60014 and otherwise admits the allegations in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12. As to SINGAPORE, denies the allegations in Paragraph 12 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. As to SINGAPORE, denies the allegations in Paragraph 13 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. As to SINGAPORE, denies the allegations in Paragraph 14 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. As to SINGAPORE, denies the allegations in Paragraph 15 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16. As to SINGAPORE, denies the allegations in Paragraph 16 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. As to SINGAPORE, denies the allegations in Paragraph 17 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18. As to SINGAPORE, denies the allegations in Paragraph 18 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

128692.00601/6607292v.1

19. As to SINGAPORE, denies the allegations in Paragraph 19 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. As to SINGAPORE, denies the allegations in Paragraph 20 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

**AS AND FOR AN ANSWER TO FIRST CAUSE OF ACTION
AGAINST DEFENDANT WORLDWIDE**

21. Insofar as SINGAPORE is included in the word "Defendant," denies the allegations in Paragraph 21 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. Insofar as SINGAPORE is included in the word "Defendant," denies the allegations in Paragraph 22 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23. Insofar as SINGAPORE is included in the word "Defendant," denies the allegations in Paragraph 23 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24. Insofar as SINGAPORE is included in the word "Defendant," denies the allegations in Paragraph 24 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

128692.00601/6607292v.1

25. Insofar as SINGAPORE is included in the word "Defendant," denies the allegations in Paragraph 25 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26. Insofar as SINGAPORE is included in the word "Defendant," denies the allegations in Paragraph 26 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

27. Insofar as SINGAPORE is included in the word "Defendant," admits that it has not paid MSC any amount, denies the remaining allegations in Paragraph 27 of the Complaint, and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28. Insofar as SINGAPORE is included in the word "Defendant," denies the allegations in Paragraph 28 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

### AS AND FOR AN ANSWER TO SECOND CAUSE OF ACTION
### AGAINST DEFENDANT WORLDWIDE d/b/a SINGAPORE

32.  As to SINGAPORE, denies the allegations in Paragraph 32 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint.

33.  As to SINGAPORE, denies the allegations in Paragraph 33 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint.

34.  As to SINGAPORE, denies the allegations in Paragraph 34 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint.

35.  Insofar as SINGAPORE is included in the word "Defendant," denies the allegations in Paragraph 35 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36.  Insofar as SINGAPORE is included in the word "Defendant," denies the allegations in Paragraph 36 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint.

37.  Insofar as SINGAPORE is included in the word "Defendant," denies the allegations in Paragraph 37 of the Complaint and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

128692.00601/6607292v.1

38. Insofar as SINGAPORE is included in the word "Defendant," admits it has not paid MSC any amount, denies the remaining allegations in Paragraph 38 of the Complaint, and, as to all other persons, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint.

39. Insofar as SINGAPORE is included in the word "Defendant," denies the allegations in Paragraph 39 of the Complaint and as to all other persons denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint.

### AS AND FOR AN ANSWER TO THIRD CAUSE OF ACTION AGAINST DEFENDANT WORLDWIDE d/b/a XINTAR

43. As to SINGAPORE, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint.

44. As to SINGAPORE, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint.

45. As to SINGAPORE, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint.

46. Insofar as SINGAPORE is included in the word "Defendant," denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint.

47. Insofar as SINGAPORE is included in the word "Defendant," denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint.

48. Insofar as SINGAPORE is included in the word "Defendant," denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint.

49. Insofar as SINGAPORE is included in the word "Defendant," admits it has not paid MSC any amount, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint.

50. Insofar as SINGAPORE is included in the word "Defendant," denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint.

128692.00601/6607292v.1

## AS AND FOR AN ANSWER TO FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT WORLDWIDE d/b/a SCT

54. As to SINGAPORE, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint.

55. As to SINGAPORE, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint.

56. As to SINGAPORE, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint.

57. Insofar as SINGAPORE is included in the word "Defendant," denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint.

58. Insofar as SINGAPORE is included in the word "Defendant," denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint.

59. Insofar as SINGAPORE is included in the word "Defendant," denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint.

60. Insofar as SINGAPORE is included in the word "Defendant," denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint.

61. Insofar as SINGAPORE is included in the word "Defendant," admits it has not paid MSC any amount, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint.

### AS AND FOR AN ANSWER TO FIFTH CAUSE OF ACTION AGAINST DEFENDANT WORLDWIDE d/b/a PENINPLASTIC

65. As to SINGAPORE, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint.

66. As to SINGAPORE, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint.

67. As to SINGAPORE, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint.

68. Insofar as SINGAPORE is included in the word "Defendant," denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint.

69. Insofar as SINGAPORE is included in the word "Defendant," denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint.

70. Insofar as SINGAPORE is included in the word "Defendant," denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint.

128692.00601/6607292v.1

71. Insofar as SINGAPORE is included in the word "Defendant," admits it has not paid MSC any amount, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint.

72. Insofar as SINGAPORE is included in the word "Defendant," denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint.

### AS AND FOR AN ANSWER TO SIXTH CAUSE OF ACTION AGAINST DEFENDANT WORLDWIDE d/b/a OSK

76. As to SINGAPORE, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint.

77. As to SINGAPORE, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint.

78. As to SINGAPORE, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint.

79. Insofar as SINGAPORE is included in the word "Defendant," denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint.

128692.00601/6607292v.1

80.     Insofar as SINGAPORE is included in the word "Defendant," denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint.

81.     Insofar as SINGAPORE is included in the word "Defendant," denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint.

82.     Insofar as SINGAPORE is included in the word "Defendant," admits it has not paid MSC any amount, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint.

83.     Insofar as SINGAPORE is included in the word "Defendant," denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint.

### AS AND FOR ALLEGATIONS IN SUPPORT OF RULE B ATTACHMENT

87.     As to SINGAPORE, admits it cannot be found in this District and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint.

128692.00601/6607292v.1

88.   As to SINGAPORE, admits MSC has requested the relief described and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST

89.   The Court lacks personal jurisdiction over SINGAPORE which is specifically not waived by an appearance herein pursuant to Supplemental Rule E(8).

### SECOND

90.   Venue as to SINGAPORE is improper.

### THIRD

91.   Venue as to SINGAPORE is inconvenient.

### FOURTH

92.   As to SINGAPORE, service of process has not been made and is therefore insufficient.

### FIFTH

93.   The Complaint fails to state a cause of action against SINGAPORE upon which relief may be granted.

### SIXTH

94.   To the extent SINGAPORE is named as the shipper in any bills of lading sued on herein, MSC named SINGAPORE in such bills of lading without any authority or right, or, alternatively, by mistake. There are no contracts between SINGAPORE and MSC with respect

to any of the shipments described in this Complaint in the Second Cause of Action or elsewhere, and therefore SINGAPORE owes MSC nothing.

### SEVENTH

95. The Court's Order of Attachment dated October 22, 2007 ("Attachment Order"), as well as any and all process of maritime attachment and garnishment issued and served pursuant thereto should be vacated and any property of Singapore being held by garnishees in this District should be released.

WHEREFORE SINGAPORE respectfully prays that

a. the Court dismiss this action as to SINGAPORE, together with costs and disbursements;

b. the Court vacate the Attachment Order as well as any process of maritime attachment and garnishment issued and served pursuant thereto and release any and all property of SINGAPORE held by others pursuant to the Attachment Order; and

c. the Court provide such other relief, as may be fair and equitable in the premises.

Date: New York, New York
February 12, 2008

Respectfully submitted,

BLANK ROME LLP

By: _____
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Defendant*
SINGAPORE RECYCLE CENTRE PTE LTD.

128692.00601/6607292v.1

## VERIFICATION

STATE OF NEW YORK         )
                          : ss.:
COUNTY OF NEW YORK        )

LeRoy Lambert, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome, LLP, attorneys for Defendant Singapore Recycle Centre Pte Ltd..

2. I have read the foregoing Answer and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by said Defendant is that said Defendant is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of said Defendant.

_____
LeRoy Lambert

Sworn to before me this
12th day of February 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126. Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires
NOV- 30, 2009

15

128692.00601/6607292v.1